## CITY OF MERIDEN *v.* TOWN OF BERLIN

Superior Court, Judicial District of New Britain
File No. CV-00 0501619S

Memorandum filed February 27, 2004

*Corporation counsel of the city of Meriden,* for the plaintiff.

*Weber & Carrier,* for the defendant.

HON. ARNOLD W. ARONSON, JUDGE TRIAL REFEREE. The plaintiff, the city of Meriden, appeals from an assessment on the lists of October 1, 1999, and October 1, 2000, levied by the defendant, the town of Berlin, against twenty-two parcels of watershed property owned by Meriden, but located in Berlin. The twenty-two parcels of land at issue form a part of the water supply land used by Meriden for the purpose of creating and supplying water to its citizens. Both parties now move for summary judgment of the present appeal.

Meriden claims it is entitled to summary judgment because the parcels it uses as part of its watershed property are exempt from taxation by Berlin by virtue of General Statutes §§ 12-81 (4) and 12-76. Berlin claims, on the other hand, that neither § 12-81 (4) nor § 12-76 exempts the Meriden property from taxation since Berlin inhabitants do not have the right to use and do not use the Meriden water supply on the same terms as Meriden inhabitants.

In these cross motions for summary judgment, the parties do not dispute the following facts which may be set forth as follows.[1] First, on September 20, 1999, the Meriden city council adopted a resolution eliminating a surcharge imposed by Meriden on inhabitants of Berlin who use the Meriden water supply system. Second, Berlin's public water supply system is not interconnected with Meriden's public water supply system. Third, Berlin inhabitants cannot buy water from Meriden unless approved by the Meriden public utilities

---

[1] There is no genuine issue of material fact on these cross motions for summary judgment. The court may, therefore, render judgment as a matter of law. *Dept. of Social Services* v. *Saunders,* 247 Conn. 686, 696–97, 724 A.2d 1093 (1999).

commission and the upper Connecticut river water utility coordinating committee because Berlin is outside of Meriden's exclusive service area. Fourth, Meriden and Berlin entered into an agreement in 1996 in which Meriden agreed to supply water to four fire hydrants in Berlin by connecting to the untreated raw water line running between Meriden's Kenmere and Elmere reservoirs located in Berlin. Fifth, and finally, a Berlin inhabitant, whose property straddles the Berlin-Meriden town line, and whose well became contaminated, was allowed to purchase Meriden water since the Berlin public water system did not extend to his property.

Section 12-81, on which Meriden relies, provides in pertinent part: "The following-described property shall be exempt from taxation . . . (4) Municipal property. Except as otherwise provided by law, property belonging to, or held in trust for, a municipal corporation of this state and used for a public purpose . . . ." General Statutes § 12-81.

The court agrees with Berlin that § 12-81 (4) has no application to the claimed exemption in the present case. Section 12-81 (4) is a general tax exemption for municipal property except where the legislature provides differently, which it has with the enactment of § 12-76.[2]

Section 12-76 (a), upon which Meriden also relies, provides in pertinent part: "Land owned . . . by any municipal corporation . . . for the purpose of creating or furnishing a supply of water for its use shall be exempt from taxation when the inhabitants of the town in which such land is situated have the right to use, and use, such water supply upon the same terms as the

[2] For the genealogy and legislative history behind General Statutes § 12-76, see *Metropolitan District* v. *Burlington*, 241 Conn. 382, 391–95, 696 A.2d 969 (1997).

inhabitants of such municipal corporation; otherwise such land shall be liable to taxation . . . ." General Statutes § 12-76 (a).

The issue here is whether Meriden qualifies for an exemption from taxes under § 12-76. The resolution of this issue depends upon (1) whether the inhabitants of Berlin have the right to use the Meriden water on the same basis as Meriden inhabitants and (2) whether Berlin inhabitants do actually use Meriden water.

The answer, from the facts in the present case, is no. The fact that Berlin's water supply system is not interconnected with the Meriden public water supply system means that inhabitants of Berlin cannot use water produced by the Meriden water system. The mere fact that Berlin has an agreement with Meriden to allow a fire district to connect four fire hydrants to an untreated water line in Meriden and the fact that one inhabitant with a contaminated well is allowed to connect to the Meriden water supply does not meet the obvious intent of § 12-76, which is to allow Berlin inhabitants, as a class, to use Meriden water on the same terms as Meriden inhabitants. The use intended in § 12-76 is the present use of water, not future use. In other words, § 12-76 requires that before Meriden is entitled to an exemption from Berlin property taxes, the inhabitants of Berlin must be present users of Meriden water. The lack of a direct connection between the Meriden water system and the Berlin water system, one person using the Meriden water supply and raw water supplied to four fire hydrants, does not an exemption make. Furthermore, it is clear that Berlin inhabitants cannot use Meriden water on the same terms as Meriden inhabitants since they must receive agency approvals that are not required of Meriden inhabitants.

In construing a statutory tax exemption, it is axiomatic that tax exemptions are a matter of legislative grace,

and statutes creating tax exemptions are strictly construed against the party claiming the exemption. *Oxford Tire Supply, Inc.* v. *Commissioner of Revenue Services*, 253 Conn. 683, 690, 755 A.2d 850 (2000). Under the facts in the present case, Meriden has failed to sustain its heavy burden of showing that it was entitled to a property tax exemption from Berlin.

Accordingly, the motion for summary judgment filed by the plaintiff city of Meriden is denied and the motion for summary judgment filed by the defendant town of Berlin is granted. Judgment may enter in favor of the defendant town of Berlin without costs to either party.